FILED
CHARLOTTE, NC
DEC 2 2 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

Hand-Delivered

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID SMITH <br>     Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC <br> Defendant. | ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) Case No. 3:25-CV-1011-KDB <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is a civil action by Plaintiff DAVID SMITH, an individual consumer, seeking actual, statutory, and punitive money damages against Defendant Equifax Information Services LLC ("EQUIFAX") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. 1681(p), and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transact

1

business in Charlotte, Mecklenburg County, North Carolina, and the conduct complained of occurred in Charlotte, Mecklenburg County, North Carolina.

### III. PARTIES

3. Plaintiff, DAVID SMITH, is a natural person residing in Charlotte, Mecklenburg County, North Carolina. Plaintiff is a "consumer" as defined in 15 U.S.C. §1681a (b) and (c).

4. Upon information and belief, Defendant EQUIFAX is a Georgia entity duly authorized and qualified to do business in the state of North Carolina.

5. Defendant EQUIFAX is a "Consumer Reporting Agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

6. Upon information and belief, EQUIFAX is regularly engaged in the business of compiling, and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

A. Public Record information;

B. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

C. For purposes of this complaint, any reference to "Defendant" or "EQUIFAX" includes, without limitation, the named Defendants, Its agents, employees, representatives, attorneys, contractors, business associates, partners, successors, predecessors, assigns, affiliates, parents, subsidiaries, officers, directors, managing agents, and any person or entity acting or purporting to act on behalf, with its authorization, ratification, or knowledge. It also includes any fictitiously named defendants, and any other third party that participated in, contributed to, or benefited from the violations alleged in this Complaint, Whether directly or indirectly.

## IV. FACTS OF THE COMPLAINT

### PRELIMINARY STATEMENT ON CREDIT REPORTING

7. Credit Reporting is a fact of modern-day life.

3

8. Plaintiff like other consumers in America has no choice on whether private companies such as EQUIFAX maintain and sell credit reports on PLAINTIFF to other companies typically "users" of credit reports.

9. EQUIFAX is not allowed to report false information.

10. EQUIFAX is not allowed to report inaccurate information.

11. EQUIFAX is not allowed to report incomplete information.

12. EQUIFAX is not allowed under the law to report incomplete information.

13. Congress passed the FCRA and specifically stated in section 1681(a)(4) that "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumers right to privacy."

## V. DEFENDANT EQUIFAX REFUSED TO PROVIDE PLAINTIFF WITH A FULL FILE DISCLOSURE AS REQUIRED BY SECTION 1681G(A)(1) OF THE FCRA

14. On or about December 20th, 2025, PLAINTIFF submitted a request for his complete consumer file through annualcreditreport.com.

15. EQUIFAX provided the confirmation number 5354569249 (Exhibit A)

16. In response to Plaintiff's request for his consumer file disclosure, Defendant provided a disclosure in which Plaintiff's Social Security number was truncated/scrambled. Plaintiff did not request that the first

4

five digits of his Social Security number be excluded from the disclosure, and Defendant did not provide Plaintiff any mechanism or notice in connection with the request to elect truncation under 15 U.S.C. §1681g(a)(1)(A). Despite the absence of any such request, Defendant provided a truncated disclosure.

17. Missing and redacted fields include account numbers, recent payments, monthly payments amongst other critical data.

18. Upon information and belief, EQUIFAX maintains the complete identifiers and tradeline-level data (including full account identifiers and related payment terms/history fields) in Plaintiff's file because such data is used to match, store, and furnish tradeline information. EQUIFAX nevertheless provided Plaintiff a file disclosure in which those fields were truncated/redacted/withheld, preventing Plaintiff from verifying the completeness and accuracy of the tradelines and identifying information contained in his file".

## VI. DAVID SMITH ACTUAL DAMAGES FROM EQUIFAX ACTION AND INACTIONS

19. The Plaintiff has experienced significant emotional distress due to EQUIFAX's failure to disclose all information in his file. This confusion and frustration have led to therapy sessions based on these experiences.

## VII. FIRST CLAIM FOR RELIEF
### (Defendant EQUIFAX)
### 15.U.S.C 1681g(a)(1)

20. Defendant EQUIFAX has caused injury in fact, by causing among other effects, mental and emotional distress, damage to credit reputation, and resulting credit damages to Plaintiff.

21. Defendant EQUIFAX has done so either negligently or willfully.

22. Plaintiff is entitled to actual damages, punitive damages, and cost pursuant to 15 U.S.C 1681n, $1,000 per incident.

23. Alternatively, Plaintiff is entitled to actual damages, and cost if violations are negligent, pursuant to 15 U.S.C 1681o, $1,000 per incident.

## VIII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID SMITH respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA:

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

D. Costs pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

6

Case 3:25-cv-01011-KDB-DCK    Document 1    Filed 12/22/25    Page 6 of 7

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

/ David Smith

10310 Bradstreet Commons Way

Charlotte, NC 28215
815.600.4751 (telephone)
teddyg1989@gmail.com (email)

7

Case 3:25-cv-01011-KDB-DCK    Document 1    Filed 12/22/25    Page 7 of 7